

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 15, 1939

Mr. F. L. Massie
County Auditor
Vernon, Texas

Dear Sir:

Opinion No. 0-335
Re: Should the county pay the premium
on the State Bond of the county
tax assessor-collector or, should
it be paid by the State?

Your request for an opinion on the above
stated question has been received by this office.

We are informed by the Comptroller's office
that Wilbarger County has a population in excess of
twenty thousand inhabitants and the officers thereof
are compensated on the salary basis.

Article 7247, mentioned in your letter, does
not authorize the State to pay premiums on surety bonds
of the tax assessor-collector. Article 7249 provides
that counties with a total taxable valuation of Thirty
Million ($30,000,000.00) Dollars or more shall pay a rea-
sonable amount as premium on said bond or bonds for
county taxes which amount shall be paid out of the gen-
eral revenue of the county. We are unable to find any
authorities authorizing the State to pay any premiums
on surety bonds for tax assessor-collectors whatsoever.

Section B of Article 3899 reads, in part, as
follows:

"(b) Each officer named in this Act,
where he received a salary as compensation
for his services, shall be empowered and per-
mitted to purchase and have charged to his
county all reasonable expenses necessary in

the proper and legal conduct of his office,
premiums on officials' bonds, premium on
fire, burglary, theft, robbery insurance
protecting public funds and including the
cost of surety bonds for his Deputies, such
expenses to be passed on, pre-determined
and allowed in kind and amounts, as nearly
as possible, by the Commissioners' Court once
each month for the ensuing month, upon the
application by each officer, stating the
kind, probably amount of expenditure and the
necessity for the expenses of his office
for such ensuing month, which application
shall, before presentation to said court,
first be endorsed by the County Auditor,
if any, otherwise the County Treasurer,
only as to whether funds are available for
payment of such expenses.  The Commissioners'
Court of the county of the Sheriff's resi-
dence may, upon the written and sworn appli-
cation of the Sheriff stating the necessity
therefor purchase equipment for a bureau of
criminal identification, such as cameras,
finger print cards, inks, chemicals, micro-
scopes, radio and laboratory equipment, fil-
ing cards, filing cabinets, tear gas and other
equipment in keeping with the system in use
by the Department of Public Safety of this
State, or the United States Department of
Justice and/or Bureau of Criminal Identifi-
cation.

"Such purchases shall be made by each
officer, when allowed, only by requisition
in manner provided by the County Auditor,
if any, otherwise by the Commissioners'
Court.  Each officer shall, at the close of
each month of his tenure of office, make
an itemized and sworn report of all approved
expenses incurred by him and charged to his
county, accompanying such report with in-
voices covering such purchases and requisi-
tions issued by him in support of such re-
port.  If such expenses be incurred in con-
nection with any particular case, such report

shall name such case. Such report, invoices
and requisitions shall be subject to the audit
of the County Auditor, if any, otherwise by
the Commissioners' Court, and if it appears
that any item was not incurred by such offi-
cer, or that such item was not a necessary
or legal expense of such office, or purchased
upon proper requisition, such item shall be
by said County Auditor or court rejected, in
which case the payment of such item may be
adjudicated in any court of competent juris-
diction. All such approved claims and accounts
shall be paid from the Officers' Salary Fund
unless otherwise provided herein."

Article 3899 applies to all county officials
named in Article 3883. The tax assessor-collector is
included in this article.

In view of the foregoing authorities, you are
respectfully advised that it is the opinion of this De-
partment that the premiums on official bonds of the tax
assessor-collector shall be paid by the county out of
the Officers' Salary Fund and that the State is not lia-
ble for the payment of the premiums on any bonds whatso-
ever of county officials.

Trusting that the foregoing answers your in-
quiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY

Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS